**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| KENDRICK THURMAN RANDLE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 19-1342 (RC) |
| | : | | |
| v. | : | Re Document No.: | 2, 7 |
| | : | | |
| WEST VALLEY CITY POLICE | : | | |
| DEPARTMENT (OF UTAH), | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING PLAINTIFF'S MOTION FOR TEMPORARY RELIEF; DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTION TO DISMISS; TRANSFERRING CASE TO THE DISTRICT OF UTAH**

**I. INTRODUCTION**

Plaintiff Kendrick Thurman Randle, proceeding *pro se*, brought this action against the

West Valley City Police Department ("West Valley City") for declaratory and injunctive relief,

and perhaps monetary damages, to remedy alleged misconduct by uniformed police officers and

associated personnel in West Valley City, Utah.  Randle alleges that he sustained injuries and

damages after West Valley City police officers used excessive force against him during a

confrontation.  He wants the police department and its officers to implement policies and

procedures that identify, correct, and prevent the misconduct alleged in his Complaint, and he

claims there is $3,700,000 in controversy.

Randle has moved for temporary relief, seeking financial assistance for the duration of

this suit because he lacks steady income.  West Valley City has moved to dismiss the Complaint

for lack of personal jurisdiction and insufficient service of process.  For the reasons explained

below, the Court finds that it lacks personal jurisdiction over West Valley City, denies the

motion for temporary relief, denies without prejudice Defendants' motion to dismiss, and transfers the case *sua sponte* to the District of Utah.

## II. FACTUAL BACKGROUND

On the morning of July 17, 2018, West Valley City police officer Stephen Parker found Randle, an African American male, sleeping inside of his parked car. *See* Pl.'s Supp. Mem. 13, ECF No. 3. According to the police report, Parker knocked on the driver-side window and noticed Randle reach for something out of view when he woke up. *See id.* Parker commanded Randle to open the driver-side door. *See id.* Randle opened the door and Parker ordered him to step out of the car. *See id.* According to Parker, Randle did not comply and, instead, began to reach for the center console. *See id.* Parker grabbed Randle's wrist to assist him out of the car. *See id.* Parker contends that Randle tensed up and tried to pull his arm away, at which point Parker "used physical force to pull him out of the car and place[] him face down on the ground." *Id.* Parker then handcuffed Randle and, with the assistance of officer Kevin Barrett, moved Randle away from the car. *See id.* While searching Randle's car, Parker found Randle's District of Columbia driver's license. *See id.* at 14. Parker did not find contraband in Randle's car and the police dispatcher advised Parker that Randle's license was valid and that there were no active warrants for his arrest. *See id.*

According to Randle's allegations in the Complaint, Parker reached inside Randle's car and pulled him out "by use of unreasonable and excessive force." Compl. 2, ECF No. 1. Parker and Barrett then grabbed Randle, threw him to the ground away from his car, and handcuffed him. *Id.* Randle asserts that West Valley City police officers and/or associated personnel took blood samples from his hand while he was handcuffed and carried him to a police car for questioning and detainment. *Id.* at 2–3. According to Randle, "[he] was not officially arrested,

ticketed or cited" after his "detainment period."  *Id.*  Nor was he provided with "incident reference information" by anyone at the scene.  *Id.*  Thereafter, Randle quit his job and left Utah "[i]n order to safely and efficiently report this . . . incident."  Pl.'s Mot. Temporary Relief, ECF No. 2.

Randle filed this suit on May 8, 2019 against the West Valley City Police Department, seeking "declaratory and injunctive relief to remedy and prevent practices of misconduct by uniformed police officers and associated personnel in West Valley City, Utah."  Compl. 2.  He also filed a motion for temporary relief, seeking financial assistance for the duration of this suit.  *See* Pl.'s Mot. Temporary Relief.  According to Randle, he would still be employed were it not for his confrontation with the West Valley City police officers.  On June 4, 2019, West Valley moved to dismiss Randle's Complaint for lack of personal jurisdiction and insufficient service of process under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).  *See* Def.'s Mot. Dismiss, ECF No. 7.  On July 9, 2019, Randle filed his response, *see* Pl.'s Resp., ECF No. 12, and on July 16, 2019, West Valley City filed its reply, *see* Def.'s Reply, ECF No. 15.

### III.  LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a court to dismiss an action when the court lacks personal jurisdiction over the defendant.  "Personal jurisdiction may be satisfied by either specific or general jurisdiction."  *Brit UW, Ltd. v. Manhattan Beachwear, LLC*, 235 F. Supp. 3d 48, 54 (D.D.C. 2017) (citing *D'Onofrio v. SFX Sports Grp., Inc.*, 534 F. Supp. 2d 86, 90 (D.D.C. 2008)).  The plaintiff bears the burden of establishing that a court has personal jurisdiction over the defendant.  *See FC Inv. Grp. LC v. IFX Mkts., Ltd.,* 529 F.3d 1087, 1091 (D.C. Cir. 2008).  Federal courts typically look to the personal jurisdiction of the courts in the state in which they sit if that jurisdiction is "coextensive with the reach of constitutional due

process." *Brit UW*, 235 F. Supp. 3d at 60 (quoting *Freedman v. Suntrust Banks, Inc.*, 139 F.

Supp. 3d 271, 278 (D.D.C. 2015)); *see also Rossmann v. Chase Home Fin. LLC*, 772 F. Supp. 2d

169, 171–72 (D.D.C. 2011) (noting that the plaintiff may establish general personal jurisdiction

under D.C. law).

General jurisdiction "sets a high bar" that requires the defendant to have "continuous and

systematic" contacts with the forum state—but then permits the forum to adjudicate any claims

brought against the defendant. *D'Onofrio*, 534 F. Supp. 2d at 90 (citing *Helicopteros Nacionales

de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)). By contrast, specific jurisdiction

requires that the suit "arise out of or relate to the defendant's contacts with the forum." *Bristol-

Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017). To exercise specific

jurisdiction over a non-resident, the court must engage in a two-step analysis to determine (1)

whether jurisdiction is appropriate under the state's long-arm statute, and (2) whether notions of

due process are satisfied by exercising jurisdiction over the non-resident. *See GTE New Media

Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Due process requires a

plaintiff to demonstrate that the defendant has "minimum contacts with [the forum state] such

that the maintenance of the suit does not offend 'traditional notions of fair play and substantial

justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*,

311 U.S. 457, 463 (1940)). These contacts must be grounded in "some act by which the

defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum

State, thus invoking the benefits and protection of its laws." *Asahi Metal Indus. v. Super. Ct. of

Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475

(1985)). That is, "the defendant's conduct and connection with the forum state [must be] such

that [it] should reasonably anticipate being haled into court there." *GTE New Media Servs., Inc.*,

199 F.3d at 1347 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

### IV.  ANALYSIS

Randle moves for temporary relief, and West Valley City moves to dismiss Randle's Complaint pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.  The Court first considers whether it has general or specific personal jurisdiction over West Valley City and finds that it does not.  Because the Court finds that it lacks personal jurisdiction over West Valley City, it transfers this case to the District of Utah and leaves it to that court to determine whether service was properly effected.  Accordingly, the Court denies without prejudice Defendants' motion to dismiss and also denies Randle's motion for temporary relief.[1]

The Court first finds that it has neither general nor specific personal jurisdiction over West Valley City.  West Valley City argues that it is not subject to general jurisdiction because it has no connection to or contacts with the District of Columbia.  West Valley City also argues that it is not subject to specific jurisdiction because the alleged conduct does not satisfy the District's long-arm statute, and West Valley City has not purposefully availed itself of the protections of the District.  As explained below, the Court agrees with West Valley City.

---

[1] A movant seeking preliminary injunctive relief "must show[] (1) a substantial likelihood of success on the merits, (2) that [he] would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction."  *Sataki v. Broad. Bd. of Governors*, 733 F. Supp. 2d 22, 44 (D.D.C. 2010) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)).  The Court finds that Randle has not satisfied the first prong because he has not established that the Court has personal jurisdiction over West Valley City. *See 12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, 282 F. Supp. 3d 190, 196 (D.D.C. 2017) ("Plaintiffs have not established a 'substantial likelihood' that this court has personal jurisdiction over [the defendants], and thus, [have not established] a [substantial] likelihood of success on the merits.").

Under D.C. law, a court has general jurisdiction over a defendant who is "domiciled in, organized under the laws of, or maintaining his or its principal place of business in" the District of Columbia.  D.C. Code § 13-422.  Here, West Valley City is a municipality in Utah that "operates under the laws of . . . Utah," Compl. 1, "performs all of its operations in Utah," Def.'s Mot. 2, and of which the "offices and police department are located in Utah," *id*.  Nowhere in his Complaint does Randle allege that West Valley City or its police department have any contacts with the District of Columbia, let alone continuous and systematic ones.  *See generally* Compl. On the contrary, Randle submits that West Valley City has its "principal basis of operation in . . . Utah," Compl. 1, and only briefly mentions the District of Columbia in reference to his own citizenship, *see id.*  Without more, the Court is unable to exercise general jurisdiction over West Valley City.

As explained above, a Court may exercise specific jurisdiction over a non-resident if (1) jurisdiction is appropriate under the state's long-arm statute, and (2) notions of due process are satisfied by exercising jurisdiction over the non-resident.  *See GTE New Media Servs., Inc.*, 199 F.3d at 1347.  But Randle fails to allege that West Valley City engaged in any of the conduct enumerated in the District's long-arm statute.  *See* D.C. Code § 13-423(a).[2]  The Court thus lacks

---

[2] Under D.C. Code § 13-423(a), "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's – (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; (5) having an interest in, using, or possessing real property in the District of Columbia; (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or (7) marital or parent and child relationship in the

specific jurisdiction over West Valley City.  Even if, however, the terms of the long-arm statute were satisfied, Randle must also show that the exercise of personal jurisdiction falls within the permissible bounds of due process.  Again, he falls short.  Randle has not alleged any conduct by West Valley City that occurred in or was directed towards the District of Columbia, let alone conduct that would suffice to establish minimum contacts.  *See generally* Compl.  He has not alleged that West Valley City does any business, provides any service, or uses any property in the District of Columbia.  *See id.*  And the police conduct at issue took place entirely in Utah. *See id.*

Because Randle has not alleged that West Valley City or its police department engaged in any conduct whatsoever in the District of Columbia, he fails to show that West Valley City purposefully availed itself of the protections of the District.  West Valley City argues that "nothing about the underlying events would lead this Utah city to expect that police activity in Utah would open them to suit in a D.C. federal court."  Def.'s Mot. 3–4.  The Court agrees. Though Randle, a D.C. citizen, was allegedly injured in Utah, this alone does not support a finding that West Valley City has minimum contacts with D.C.  *See Walden v. Fiore*, 571 U.S.

---

District of Columbia if: (A) the plaintiff resides in the District of Columbia at the time the suit is filed; (B) such person is personally served with process; and (C) in the case of a claim arising from a marital relationship: (i) the District of Columbia was the matrimonial domicile of the parties immediately prior to their separation, or (ii) the cause of action to pay spousal support arose under the laws of the District of Columbia or under an agreement executed by the parties in the District of Columbia; or (D) in the case of a claim affecting the parent and child relationship: (i) the child was conceived in the District of Columbia and such person is the parent or alleged parent of the child; (ii) the child resides in the District of Columbia as a result of the acts, directives, or approval of such person; or (iii) such person has resided with the child in the District of Columbia. (E) Notwithstanding the provisions of subparagraphs (A) through (D), the court may exercise personal jurisdiction if there is any basis consistent with the United States Constitution for the exercise of personal jurisdiction."  D.C. Code § 13-423(a).

277, 290 (2014) ("[I]njury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State."); *see also World-Wide Volkswagen Corp.*, 444 U.S. at 109 (finding that minimum contacts must be based on an act of the defendant).  Based on the record before it, this Court is unable to draw any connection between the District of Columbia and West Valley City.  Randle has not alleged any facts in his Complaint or opposition that would establish personal jurisdiction over West Valley City.  The Court thus finds that it lacks personal jurisdiction over West Valley City.

Although dismissal may be appropriate, it remains within the Court's discretion to transfer the action *sua sponte* to cure want of jurisdiction.  *See* 28 U.S.C. § 1631; *Halim v. Donovan*, 951 F. Supp. 2d 201, 204 (D.D.C. 2013) ("[S]*ua sponte* transfers pursuant to 28 U.S.C. § 1631 are committed to the discretion of the District Court where no party has moved to transfer a case brought in the wrong jurisdiction.").  The Court will therefore transfer this case to the District of Utah pursuant to 28 U.S.C. § 1631, under which the Court may transfer the action in the interest of justice to any other such court in which the action could have been brought at the time it was filed to cure want of jurisdiction.  *See* 28 U.S.C. § 1631; *see also Amerijet Int'l, Inc. v. U.S. Dep't of Homeland Sec.*, 43 F. Supp. 3d 4, 21 (D.D.C. 2014).  Here, Randle's claim could have properly been brought in the District of Utah because the police conduct at issue occurred in Utah and the West Valley City police department operates in Utah.  Although Randle filed his case in the wrong district, he still deserves his day in court.  The Court thus finds that it is in the interest of justice to transfer this case to the District of Utah.

8

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for temporary relief (ECF No. 2) is

**DENIED** and Defendants' motion to dismiss (ECF No. 7) is **DENIED WITHOUT**

**PREJUDICE**.  The Court will transfer this case to the District of Utah.  An order consistent with

this Memorandum Opinion is separately and contemporaneously issued.

Dated:  July 23, 2019                                        RUDOLPH CONTRERAS
                                                            United States District Judge

9